UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC SHOATS,

        Petitioner,

v.                                          CASE NO. 07-12044
                                           HONORABLE NANCY G. EDMUNDS

BARRY DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Eric Shoats has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence for armed robbery and assault with intent to rob while armed. Petitioner alleges that the trial court exceeded the state sentencing guidelines in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner's challenge to the scoring of the sentencing guidelines is not a cognizable claim on habeas review, and his constitutional claim lacks merit. Therefore, the habeas petition must be denied.

**I. Background**

On September 13, 2002, Petitioner pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, and assault with intent to rob while armed, Mich. Comp. Laws § 750.89. The convictions arose from a robbery at a mini mart in Summit Township, Michigan and an attempted robbery at a gas station in Jackson, Michigan on July 21, 2002. On October 2, 2002, Jackson County Circuit Judge Charles A. Nelson sentenced Petitioner to imprisonment for 280 months to 600 months for the armed robbery and to a term of 180 months to 360 months for the

assault. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Shoats*, No. 273878 (Mich. Ct. App. Nov. 21, 2006), and on March 26, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Shoats*, 477 Mich. 1058; 728 N.W.2d 445 (2007).

Petitioner filed his habeas corpus petition on May 10, 2007. His only claim reads:

> Petitioner is entitled to a resentencing because the sentencing court's scoring of OV2, OV4, and OV 19 represents an upward departure from the applicable sentencing guidelines in violation of Apprendi and its progeny.

Although Petitioner has not attached a brief to his habeas petition, he argued in his state court brief that the trial court found, without any admission by him, that he: (1) used a gun, knife, or stabbing weapon during the offense; (2) caused psychological injury to a victim; and (3) interfered with the administration of justice. These findings increased the sentencing guidelines for Petitioner's minimum sentence. He maintains that the strictures of *Apprendi* and its progeny prohibit a sentencing court from departing from the appropriately scored minimum guidelines on the basis of facts not admitted by the defendant at a plea proceeding. Petitioner claims that he did not admit any facts, which justified the scoring of the offense variables 2, 4, and 19.

## II. Discussion

Petitioner's challenge to the scoring of the state sentencing guidelines lacks merit because "[a] state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only." *Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, at **2 (6th Cir. Sept. 16, 2003) (unpublished opinion citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)).

Petitioner's constitutional argument also lacks merit. The Supreme Court held in *Apprendi*, 530 U.S. at 490 that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court clarified in *Blakely v. Washington*, 542 U.S. 296, 303 (2004), that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (emphasis in original).

A majority of the Supreme Court indicated in *Blakely* that its decision applied only to determinate sentencing systems. *See id*. at 308-09. Michigan has an indeterminate sentencing system in which the minimum sentence generally is based on sentencing guidelines and the maximum sentence is set by law, not by the trial court. *People v. Harper*, 479 Mich. 599, 612-13; 739 N.W.2d 523, 531-32 (2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1444 (2008); *People v. Claypool*, 470 Mich. 715, 730 n.14; 684 N.W.2d 278, 286 n.14 (2004). Consequently, Petitioner's sentence is not affected by the Supreme Court's decision in *Blakely*.

### III. Conclusion

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of the facts. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Accordingly, the application for a writ of habeas corpus is **DENIED.** The

3

Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Petitioner nevertheless decides to appeal this Court's decision, he may do so *in forma pauperis* because he was permitted to proceed *in forma pauperis* in the District Court. Fed. R. App. P. 24(a)(3). The appeal would be taken in good faith because the Sixth Circuit has not determined in a published decision whether *Blakely* applies to state prisoners in Michigan.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 6, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4